NOT FOR PUBLICATION                                              (Doc. Nos. 5, 9, & 10)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

|  |  |
|---|---|
| PTAH HERU RA OSIRIS, | |
| Plaintiff, | |
| v. | Civil No. 10-3480 (RBK/KMW) |
|  | **OPINION** |
| PAUL J. FISHMAN, et al., | |
| Defendants. | |

**KUGLER**, United States District Judge:

Plaintiff filed a pro se Complaint against various state government officials. Although Plaintiff's claims are unclear and his allegations are mostly incoherent, this matter appears to arise out of a state court proceeding to terminate Plaintiff's parental rights with respect to his son. This matter comes before the Court pursuant to Plaintiff's motion for a preliminary injunction awarding him custody of his son (Doc. No. 5) and Defendants' motions to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) (Doc. Nos. 9, 10). The Court grants Defendants' motions to dismiss and denies Plaintiff's motion for a preliminary injunction because: (1) the Complaint does not satisfy Rule 8's pleading requirements; (2) this Court does not have jurisdiction to entertain a challenge to a state court ruling; and (3) this Court does not have jurisdiction to issue a child-custody order.

## I.     BACKGROUND

Plaintiff filed the Complaint pro se in July 2010. Defendants are various government officials, including three state judges (Hon. Mary K. White, Hon. Christine Allen Jackson, Hon.

Richard Hoffman), the New Jersey Attorney General (Paula T. Dow), and a New Jersey Deputy Attorney General (Mary A. Hurley).[1]  The Complaint is mostly incoherent and provides no lucid account of why Plaintiff is suing Defendants.  It asserts, for example, that Plaintiff is "a Common man of the sovereign people of flesh and blood reserve all rights under Uniform Commercial Code Article 1 Section 308 without prejudice and reserve my rights to Common Law under Article III Section 2 of the US Constitution."  (Compl., at 3) (errors in original).  The Complaint makes reference to various statutes, cases, and constitutional provisions ranging from the "Morroccan [sic] Treaty of 1787" to the federal statute criminalizing genocide, 18 U.S.C. § 1091.  (Compl., at 3).  The Complaint does not provide any clear statement of Plaintiff's claim or any factual allegations specific to Defendants.  Only two paragraphs in the Complaint provide any clues regarding a coherent grievance by Plaintiff.  Those paragraphs provide in their entirety:

> The agents set forth in this suite have the plaintiff's son held under Uniform Child Custody Jurisdiction and Enforcement Act for two years, claiming jurisdiction under Uniform Law(Color of Law)after the plaintiff clearly reserved his rights to Uniform Commercial Code 1.308 reserving his rights to Common Law under Article III Section 2 of The US Constitution and Article VI of The US Constitution reserving his sovereign rights under The Morroccan Treaty of 1787.
>
> . . .
>
> The plaintiff has endured the lose of his childs life and the pursuit of happieness of his son being held by the agents within this lawsuit, who have claimed personal jurisdiction, beyond the limits of their Jurisdiction under: The Constitution of The United States of America Republic. The plaintiff demands the return of his son and all liable for their individual actions, having a clear knowing of the Plaintiffs Rights.
>
> (Compl. at 3, 6) (errors in original).

---

[1] The Complaint also names Rochelle Thomas, Lauren Keebler, and Jennifer Koehler as Defendants.  The Complaint provides no indication as to why Plaintiff is suing those Defendants.

The Complaint does not allege any facts establishing how the Defendants came to "hold" Plaintiff's son or how their purported custody of Plaintiff's son is illegitimate or unlawful.[2]

Soon after Plaintiff filed the Complaint, he made a motion for a preliminary injunction. In support of that motion, Plaintiff submitted a six-page document in which he "demands the return of his son." (Compl. for Prelim. Inj., at 1). Plaintiff's submission is again incoherent. He seems to argue that he appeared before Defendants at a hearing and that Defendants lacked jurisdiction to preside over the hearing because they raised "a gold fringed flag displaying an International Admiralty Jurisdiction." (Id. at 2) (errors in original). Plaintiff also cites various provisions from the Uniform Commercial Code and argues that Defendants did not have jurisdiction over him because he did not enter into a contract with them. He requests that the Court enter an Order requiring the "return of the plaintiffs [sic] life, liberty, and property (his son Julius Ptah Osiris-El) from the individual persons titled in this injunction, that kidnapped the plaintiffs [sic] son under Unconstitutional Laws." (Id. at 5). Other than Plaintiff's six-page statement, he does not submit any evidence in support of his motion for a preliminary injunction.

On September 17, 2010, Defendants the Hon. Christine Allen Jackson, Paula T. Dow, Mary A. Hurley, Lauren Keebler, Jennifer Koehler, and Rochelle Thomas moved to dismiss the Complaint under Rule 12(b)(6). On September 24, 2010, Defendants the Hon. Richard Hoffman and the Hon. Mary K. White moved to dismiss the Complaint. They argue that Plaintiff's Complaint should be dismissed because: (1) it fails to state a claim; (2) Defendants are entitled to immunity under the Eleventh Amendment and absolute judicial immunity; and (3) even if the Court construes the Complaint as asserting a Section 1983 claim, Defendants are not "persons"

---

[2] Plaintiff also asserts that he is "a Washitaw Muur belonging to the Washitaw Muurish Nation, descedand of Morocco." (Compl., at 9) (errors in original). The Complaint seems to suggest that Plaintiff's alleged "Muurish" ancestry entitles him to special legal protection. It does not, however, provide additional facts establishing how those purported protections state a claim against the Defendants.

3

within the meaning of Section 1983.  Defendant the Hon. Christine Allen Jackson joins in that motion as well.  Plaintiff did not file opposition to Defendants' motions to dismiss.[3]

In support of Defendants' respective motions to dismiss, they explain that Plaintiff is currently a named party in an action to terminate his parental rights filed by the New Jersey Division of Youth and Family Services ("DYFS").  DYFS alleges that Plaintiff's parental rights should be terminated because he neglected his son.  As of September 2010, the trial to adjudicate Plaintiff's parental rights was pending.[4]  Pursuant to a court order, Plaintiff's son was in the care and custody of DYFS.  Plaintiff made a motion to dismiss the DYFS complaint for lack of jurisdiction, but the state court denied that motion.  The court found that because Plaintiff's son was a resident of New Jersey at the time of the neglect-and-abuse proceedings, the court therefore had jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act.  Plaintiff did not appeal that decision.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for failure to state a claim upon which relief can be granted.  With a motion to dismiss, "'courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'"  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).  Because Plaintiff represents himself, the Court must construe the Complaint "liberally" and Plaintiff must be "held to less stringent

---

[3] Plaintiff voluntarily dismissed Defendant Paul J. Fishman.

[4] The Court notes that this matter may be moot depending on the outcome of the trial regarding Plaintiff's parental rights.  If Plaintiff won at trial and DYFS returned Plaintiff's son to him, there may no longer be a case or controversy between Plaintiff and Defendants.  However, the parties have not contacted the Court regarding the status of the trial.  Moreover, as discussed below, Plaintiff's claims are unclear, and, therefore, it is not possible for the Court to determine whether the return of Plaintiff's son would render Plaintiff's claims moot.

4

standards than formal pleadings drafted by lawyers." Brown v. City of Long Branch, 380 Fed.App' x. 235, 238 (3d Cir. 2010) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). Nevertheless, "[t]o survive a motion to dismiss, a complaint – even a pro se complaint – 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Thakar v. Tan, 372 Fed. App'x. 325, 328 (3d Cir. 2010) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)); see Dealmagro v. N.J. Election Law Enforcement Comm'n, No. 10-4149, 2011 U.S. Dist. LEXIS 7374, at *6 (D.N.J. Jan. 25, 2011) (applying Iqbal standard to a pro se complaint).

### III. DISCUSSION

#### A. The Complaint Does Not State A Coherent Claim

The Complaint falls short of Rule 8's pleading requirements as applied by the Supreme Court in Iqbal. See Iqbal, 129 S. Ct. at 1949-50. Rule 8 requires that a Complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Complaint contains no such statement. The Complaint is littered with seemingly unrelated references to obscure bodies of law ranging from the Moroccan Treaty of 1787 to a federal statute criminalizing genocide, 18 U.S.C. § 1091. It is entirely unclear from the Complaint what claims Plaintiff is asserting against Defendants or what the factual basis for those claims may be. From the face of the Complaint, the Court is simply unable to determine what actionable misconduct Defendants allegedly committed. Thus, the Complaint fails to satisfy Rule 8's most basic requirement that the Complaint include a "plain statement of the claim." Fed. R. Civ. P. 8(a)(2).

### B. The Court Does Not Have Jurisdiction To Hear A Challenge To Plaintiff's Child-Custody Proceedings

Even if the Court were to rely on the facts provided by Defendants regarding Plaintiff's state court child-custody proceedings and construe the Complaint as asserting a Section 1983 claim for violation of Plaintiff's constitutionally protected parental rights, this Court does not have jurisdiction to hear that claim.

It is axiomatic that "lower federal courts lack subject matter jurisdiction to engage in appellate review of state court determinations or to evaluate constitutional claims that are inextricably intertwined with the state court's [decision] in a judicial proceeding." Port Authority v. Richmond, 973 F.2d 169, 177 (3d Cir. 1992)); see also, D.C. Ct of App. v. Feldman, 460 U.S. 462, 483 (1983). Thus, "a disappointed state plaintiff [may not] seek review of a state court decision in the federal court by masquerading his complaint in the form of a federal civil rights action." Logan v. Lillie, 965 F. Supp. 695, 698 (E.D. Pa. 1997).

Here, a Section 1983 claim challenging DYFS's custody of Plaintiff's son is effectively a challenge to the state court custody order. See Behr v. Snider, 900 F. Supp. 719, 725 (E.D. Pa. 1995) (holding that plaintiff's due process claim stemming from state court child-custody proceedings was effectively a challenge to the state court proceeding because it was "inextricably intertwined" with the state case). This Court does not have jurisdiction to decide a challenge to the state court child-custody order. Id. Thus, even if the Court construes the Complaint as asserting a Section 1983 claim based on Defendants' alleged infringement of his parental rights, the Court must dismiss the Complaint for lack of subject matter jurisdiction.[5] See id.; Behr, 900 F. Supp. at 725.

---

[5] Similarly, if the Court were to construe Plaintiff's Complaint as challenging the pending state court trial regarding his parental rights, the Court would abstain from entertaining that challenge under Younger v. Harris, 301 U.S. 37 (1971). Under Younger, abstention is proper if: (1) there is an ongoing state proceeding; (2) the proceeding

### C. The Court Does Not Have Jurisdiction To Issue A Child Custody Order

Even if Plaintiff properly stated a claim for relief, the Court does not have jurisdiction to award Plaintiff the relief he requests. Plaintiff seeks an Order from this Court granting him custody of his son. However, the Supreme Court has specifically held that the so-called "domestic relations" exception to federal jurisdiction "divests the federal courts of power to issue divorce, alimony, and child custody decrees." Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992) (emphasis added); see Faison v. Sex Crimes Unit, 845 F. Supp. 1079, 1084 (E.D. Pa. 1994) (dismissing case for lack of subject matter jurisdiction because plaintiff sought an order "reinstating [the plaintiff's] parental rights"). Thus, to the degree Plaintiff's Complaint and motion for a preliminary injunction seek an Order regarding his son's custody, the Court is simply "without power" to issue that relief. Faison, 845 F. Supp. at 1084.

### D. Plaintiff's Request for a Preliminary Injunction Must Be Denied

Plaintiff's request for a preliminary injunction must also be denied because he fails to establish a likelihood of success on the merits. A party seeking a preliminary injunction bears the burden of proving four elements: "(1) a likelihood of success on the merits; (2) irreparable harm if the injunction is denied; (3) that granting relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." Doe v. Banos, 2010 U.S. App. LEXIS 24497, at *5-6 (3d Cir. Nov. 30, 2010) (citing Child Evangelism Fellowship of N.J. Inc. v. Stafford Twp. Sch. Dist., 386 F.3d 514, 524 (3d Cir. 2004)). "The 'failure to establish

---

implicates an important state interest; and (3) the state proceeding affords the plaintiff an adequate opportunity to raise federal claims. See Port. Auth. PBA v. Port Auth. of N.Y. & N.J., 973 F.2d 169, 173 (3d Cir. 1992). At the time Defendants made their motion, there was an ongoing child-custody proceeding in state court. Child-custody proceedings implicate compelling state interests. See Schapiro ex rel. Schapiro v. Pennsylvania, No. 93-6175, 1994 U.S. Dist. LEXIS 1584, at *6 (E.D. Pa. Feb. 15, 1994) (holding that states have important interest in the law of domestic relations under the second prong of the Younger-abstention test). Plaintiff certainly can raise federal constitutional objections in a state court child-custody proceeding. See e.g., N.J. Div. of Youth and Family Servs. v. M.M., 914 A.2d 1265, 1269 (N.J. 2007). Thus, the Complaint would be dismissed under abstention principles even if it was construed as challenging the pending child-custody trial. See Schapiro, 1994 U.S. Dist. LEXIS 1584, at *6.

any element . . . renders a preliminary injunction inappropriate.'"  Id. (quoting NutraSweet Co. v. Vit-Mar Enters., Inc., 176 F.3d 151, 153 (3d Cir. 1999)).  As noted above, the Complaint fails to state any cognizable claim within the jurisdiction of this Court.  Thus, Plaintiff cannot establish a likelihood of success on the merits, and he is not entitled to a preliminary injunction.

### IV.     CONCLUSION

For the reasons discussed above, Defendants' respective motions to dismiss Plaintiff's Complaint are granted and Plaintiff's motion for a preliminary injunction is denied.  An appropriate Order shall enter.


Dated:2/15/11                                             /s/ Robert B. Kugler
                                                          ROBERT B. KUGLER
                                                          United States District Judge